IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| S. RAY JOHNSON, | § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 2:14-CV-00059-J |
| MILDRED GAY DODSON and the TEXAS STATE BOARD OF PHARMACY, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

On April 1, 2014, Defendants filed a Motion to Dismiss, asking that this case be dismissed with prejudice. To date, Plaintiff has not filed a response to Defendants' Motion. Defendants' motion is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff S. Ray Johnson was a registered Texas pharmacist who formerly held license number 16082. Plaintiff is the co-owner of The Pill Box, a pharmacy located in Dumas, Texas, and formerly operating under license number 2472. The licenses of both Plaintiff and The Pill Box were suspended on February 11, 2014 by the Texas State Board of Pharmacy ("Board") following a disciplinary hearing before Administrative Law Judge Sarah Starnes on October 4, 2013. Plaintiff and The Pill Box were also ordered to pay monetary fines to the Board. This disciplinary hearing was prompted by an incident on August 30, 2011 when a Board inspector made an unannounced visit to The Pill Box to conduct a routine compliance inspection. When the inspector began questioning Plaintiff about potential violations of Board rules, Plaintiff became angry and belligerent. He yelled at the inspector, slammed his fist on the counter,

1

claimed to be an informant for the FBI and the Texas Rangers, and refused to allow the inspector to speak with other pharmacy employees. Fearing for her safety, the inspector left the pharmacy and went to her car without completing the inspection. Plaintiff followed the inspector outside, continued to yell at her, and at one point attempted to open the locked doors of the inspector's state vehicle while the inspector was inside.

Following this incident, the Board began a covert investigation of The Pill Box and eventually uncovered several violations of the Texas Pharmacy Act and other Board rules. Upon completion of the investigation, the Board issued a notice of hearing and a complaint to Plaintiff on January 4, 2013. An amended complaint was filed by the Board on February 14, 2013. Plaintiff responded to the initiation of disciplinary proceedings by filing a *pro se* lawsuit in this Court on March 4, 2013 in which he challenged the constitutionality of the entire regulatory scheme governing pharmacists and pharmacies in the state of Texas. This Court dismissed the suit as "not yet ripe" and held that Plaintiff would have "a right to judicial review in a state district court in Travis County, Texas" once the Board issued a final disciplinary order. *Johnson v. Dodson*, 2:13-CV-040-J, 2013 WL 3242683, at *2-*3 (N.D. Tex. June 27, 2013).

A hearing was held on the disciplinary charges on October 4, 2013 before Administrative Law Judge Sarah Starnes in Austin, Texas. Plaintiff did not appear. On February 11, 2014, the Board issued Orders #C-12-002-A and B, in which it suspended the licenses of Plaintiff and The Pill Box, ordered Plaintiff to pay a probation fee, and ordered Plaintiff and The Pill Box to pay administrative penalties. Both Plaintiff and The Pill Box were notified of the Board's disciplinary orders by letter dated February 18, 2014.

Plaintiff then filed a *pro se* complaint in the above-captioned case with this Court on March 11, 2014. Plaintiff is suing Defendant on a host of diverse theories, including abuse of

2

process, conspiracy, constructive fraud, tortious interference, conversion, defamation, fraud, intentional infliction of emotional distress, invasion of privacy, battery, illegal frisking, undue influence, spoliation of evidence, unjust enrichment, and violation of 42 U.S.C. § 14141. Within the complaint, Plaintiff makes a "Motion for Temporary Injunction," Pl.'s Compl. 52, and a "Motion for Permanent Injunction Based on Pleadings," Pl.'s Compl. 55. Plaintiff's complaint is extremely lengthy—over eighty pages—and appears to consist mostly of large sections of legal treatises and case law that have been copied and pasted into the complaint. Plaintiff's complaint also includes copious amounts of colored highlighting and other forms of emphasis that are used with such frequency that the Court is unable to discern their meaning. Notwithstanding these challenges, a close review of the complaint reveals that Plaintiff has pled several factual allegations.

First, Plaintiff alleges that Mildred Gay Dodson—the Executive Director of the Texas State Board of Pharmacy—promised to pay certain unnamed persons to revoke Plaintiff's pharmacist license. Pl.'s Compl. 11 ("A [Board] Individual . . . who promises to pay persons to wrongly or illegally REVOKE personal licenses of Pharmacist S. Ray Johnson . . . . Dodson's over [sic] act is the promise to pay for wrongful acts of co-conspirators"). Second, Plaintiff alleges that the Board stole certain business records. Pl.'s Compl. 11 ("The damaged Plaintiff hereby sues for the damages he suffered by the [Board's] underlying acts, theft of his records . . ."). Third, Plaintiff alleges that three Board inspectors entered his Pharmacy, failed to provide identification, and "LIED that NOT police." Pl.'s Compl. 61. According to Plaintiff, the inspectors "Stopped, Cornered and FRISKED" Plaintiff when he was in a back office getting his laboratory coat. Pl.'s Compl. 61. Finally, Plaintiff alleges that a Board inspector named Larry

Brothers lied on several occasions when he went into Plaintiff's pharmacy to order a prescription of Alprazolam. Pl.'s Compl. 67.

Defendants filed their Motion to Dismiss on April 1, 2014. Defendants first argue that Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Specifically, Defendants argue that Plaintiff (1) failed to meet the pleading standard set forth in Fed. R. Civ. P. 8, and (2) waived his right to assert constitutional claims by failing to timely file a motion for rehearing in his disciplinary proceeding. Defendants further argue that to the extent Plaintiff has successfully stated any claims in his complaint, those claims should be dismissed (1) as to Defendant Dodson based on qualified immunity and (2) as to Defendant Texas State Board of Pharmacy based on Eleventh Amendment immunity. In the alternative, Defendants argue that Plaintiff's claims should be dismissed for insufficiency of service of process under Fed. R. Civ. P. 12(b)(5) or for improper venue under Fed. R. Civ. P. 12(b)(3).

## STANDARD FOR MOTIONS TO DISMISS

A motion to dismiss under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted, is to be evaluated on the pleadings alone. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986). A plaintiff's claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the pleading standard of Rule 8 does not require detailed factual allegations, it does require more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Formulaic recitations of the elements of a cause of action will not suffice. *See id.*

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). When making this inquiry, a court must construe the complaint liberally, in favor of the plaintiff "and assume the truth of all pleaded facts." *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). Although a court cannot dismiss a claim because it seems likely that the plaintiff will be unsuccessful, the pleadings must still be "factually suggestive" beyond mere conclusory allegations. *Ollie v. Plano Indep. Sch. Dist.*, 564 F. Supp. 2d 658, 660 (E.D. Tex. 2008). Factual allegations must be enough "to raise a right to relief above the speculative level" when assuming all factual allegations as pleaded are true. *Id.* (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

### A. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Defendant seeks dismissal of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) on the ground that his pleadings fail to meet Fed. R. Civ. P. 8's requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *McManaway v. KBR, Inc.*, 906 F. Supp. 2d 654, 660 (S.D. Tex. 2012) ("[w]hen a complaint does not meet the pleading requirements of Rule 8, Rule 12(b)(6) authorizes dismissal of a civil action for 'failure to state a claim upon which relief can be granted'").

Because Plaintiff is proceeding *pro se*, his complaint will be held to "less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

Here, Plaintiff's complaint consists of nineteen counts spread over eighty-plus pages, with colored highlighting or some other form of emphasis on nearly every other word. The complaint is interspersed with clipart, internet news articles, and a repeated declaration that "[i]t is hereby 100% DECLARED that ANY Individual person who RULES against Pharmacist S. Ray Johnson in ANY way instantly LOSES 100% ALL types of Immunity and can NEVER again work as a public servant in ANY capacity." *See, e.g.*, Pl.'s Compl. 6.

There are almost no legally relevant facts anywhere in Plaintiff's complaint. Instead, most of the complaint consists of lengthy sections of legal treatises and cases that have been copied and pasted into the document. The complaint frequently lists the generic elements of a particular cause of action before stating that Defendants are liable under that cause of action—however, Plaintiff makes almost no effort to connect specific facts to the elements of the various causes of action in his complaint. A typical example of Plaintiff's approach can be found in count three—for constructive fraud. First, Plaintiff lists the elements for a constructive fraud cause of action. Plaintiff then asserts that each element is satisfied using conclusory language devoid of any specific factual allegations: "Plaintiff . . . reposed TRUST in the TSBP defendants," "TSBP defendant(s) ABUSED the TRUST, obtaining UNJUST enrichment from Plaintiff's LOSS," and "Plaintiff . . . and his business . . . suffered DAMAGES as a proximate result." Pl.'s Compl. 35.

Convoluted, disjointed, and conclusory complaints of this nature typically cannot survive a motion to dismiss under Rule 12(b)(6). *See Hamilton v. United Parcel Serv., Inc.*, 1:11-CV-240, 2012 WL 760714, at *3 (E.D. Tex. Feb. 13, 2012) ("[a] general allegation that the defendants violated the cited statutes and are liable does not comply with the Rule 8 pleading standard and accordingly does not withstand a motion to dismiss under Rule 12(b)(6)"); *McZeal*

*v. J.P. Morgan Chase Bank, NA*, CIV.A. 13-6754, 2014 WL 3166715, at *6 (E.D. La. July 7, 2014) (dismissing plaintiff's complaint under Rule 12(b)(6) where it was fifty-seven pages in length, contained twenty-one numbered claims, was "written in an impenetrably dense, jargon-laden, and largely incomprehensible prose," and used "haphazard combinations of legal terms to make conclusory statements about Defendants [sic] behavior").

Furthermore, Plaintiff has included two counts in his complaint for which this Court recognizes no private cause of action. First, Plaintiff attempts to plead spoliation of evidence in count seventeen. However, in Texas, spoliation is an evidentiary concept rather than a separate cause of action—courts do not recognize it as an independent tort. *See Brookshire Bros. v. Aldridge*, 10-0846, 2014 WL 2994435, at *5 (Tex. July 3, 2014); *Trevino v. Ortega*, 969 S.W.2d 950, 952-53 (Tex. 1998). Second, Plaintiff attempts to plead a violation of 42 U.S.C. § 14141 in count eighteen. However, this Court has previously held that § 14141 does not create a private right of action—only the United States Attorney General may bring a civil action to enforce this statute. *See Knight v. City of Balch Springs*, 3:11-CV-1122-B-BH, 2011 WL 3519938, at *2 (N.D. Tex. July 25, 2011); *Chaney v. Races & Aces*, CIV.A. 11-399-JJB-DL, 2012 WL 3230432, at *6 (M.D. La. June 7, 2012).

Plaintiff's most detailed and promising factual allegations are found in count fourteen, where Plaintiff discusses battery and "illegal frisking." Because "illegal frisking" is not an independent cause of action, and because this Court has an obligation to liberally construe a *pro se* plaintiff's complaint, the Court has applied the specific facts from the "illegal frisking" section to Plaintiff's battery count. Under Texas law, battery is (1) a harmful or offensive contact (2) with plaintiff's person. *See Doe v. Beaumont I.S.D.*, 8 F. Supp. 2d 596, 616 (E.D. Tex. 1998) (citing *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 629-30 (Tex. 1967)).

Plaintiff alleges that three Texas State Board of Pharmacy inspectors entered his pharmacy in Dumas, Texas, and, without displaying any form of identification, directed Plaintiff to a back room to get his white pharmacist coat. Plaintiff then alleges that "SUDDENLY, WITHOUT giving NOTICE Pharmacist S. Ray Johnson, TSBP Defendant Stopped, Cornered, and FRISKED Pharmacist S. Ray Johnson." Pl.'s Compl. 61. These are specific factual allegations which, if true, would satisfy the elements of a battery claim under Texas law. Plaintiff has thus successfully stated a claim for battery. *See Doss v. Morris*, 86 F. App'x 25, 28 (5th Cir. 2004) (holding that plaintiff stated a claim for battery sufficient to survive a Rule 12(b)(6) motion to dismiss where plaintiff alleged that four police officers "physically detained" him and handled him in such a way that one of his shoulders was dislocated).

Within his complaint, Plaintiff has also included a Motion for Temporary Injunction and a Motion for Permanent Injunction Based on Pleadings. Pl.'s Compl. 52, 55. In both motions, Plaintiff simply recites the elements required to grant the injunctions and fails to allege any specific facts that relate to those elements. There is no explanation of what conduct Plaintiff seeks to enjoin. The Court denies Plaintiff's Motion for Temporary Injunction and also denies Plaintiff's Motion for Permanent Injunction Based on Pleadings.

Even with a liberal reading of the complaint, this Court can identify only a single claim upon which relief can be granted—Plaintiff's battery claim. All other allegations are wholly conclusory, incoherent, and fail to set forth in any detail or with any particularity exactly how Plaintiff's statutory, constitutional, or common law rights were violated, and in particular, what acts the Defendants did to cause such a violation. The Court thus dismisses all of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) with the exception of Plaintiff's battery claim.

### B. THIS COURT'S JURISDICTION OVER PLAINTIFF'S BATTERY CLAIM

When a plaintiff's federal claims have been dismissed under Fed. R. Civ. P. 12(b)(6), federal district courts have discretion in determining whether to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). "Where the federal claims are dismissed before trial, however, the relevant factors weigh heavily in favor of dismissing the state law claims." *Holland v. GEXA Corp.*, 161 F. App'x 364, 366 (5th Cir. 2005); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585-86, 590 (5th Cir. 1992) (finding that the district court abused its discretion in maintaining supplemental jurisdiction over state law claims where the federal claims were dismissed early in the litigation).

Having dismissed Plaintiff's only federal claim—42 U.S.C. § 14141—as well as most of Plaintiff's state law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law battery claim. The Court thus dismisses Plaintiff's battery claim without prejudice. Plaintiff is free to refile his battery claim in Texas state court.

### C. OUTRIGHT DISMISSAL VS. LEAVE TO AMEND

When a district court considers a Rule 12(b)(6) motion to dismiss regarding a *pro se* plaintiff's complaint, generally the "*pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend the pleadings] when

justice so requires"). However, the decision is ultimately within the discretion of the district court judge. *See Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996). A court may decline to grant a *pro se* plaintiff leave to amend his complaint where the plaintiff has pled his best case—in other words, where the plaintiff would still be unable to state a claim even if plaintiff amended his or her complaint. *See Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011); *Franklin v. City of Slidell*, 936 F. Supp. 2d 691, 702 (E.D. La. 2013). If a *pro se* plaintiff gives no indication of what material facts he would include in an amended complaint, the district court may exercise its discretion to deny the plaintiff leave to amend. *See Kastner v. Lawrence*, 390 F. App'x 311, 317 (5th Cir. 2010); *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (dismissing plaintiff's *pro se* action because the court could perceive of no viable claim plaintiff could include in an amended complaint based on the underlying facts). Furthermore, in exercising its discretion to grant leave to amend, a court may consider undue delay, bad faith, dilatory motive, and undue prejudice to the opposing party. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).

Here, Plaintiff has completely failed to respond to Defendant's Motion to Dismiss and has not sought this Court's permission to amend his complaint. He has failed to give any indication of what material facts he might include in an amended complaint that would actually state a claim upon which relief could be granted. Aside from the battery claim, this Court cannot perceive of any viable claim that Plaintiff could assert in an amended complaint. His voluminous, rambling, color-coded complaint suggests merely that Plaintiff is upset with the Texas State Board of Pharmacy's disciplinary proceedings against him—and does not suggest any legally cognizable injury. Furthermore, Plaintiff has already taken up this Court's time and resources with a similar lawsuit in 2013, in which he filed an eighty-page complaint alleging (1)

that the Texas State Board of Pharmacy engaged in an "abuse of process" and (2) that the entire state regulatory scheme governing Texas pharmacists and pharmacies was unconstitutional. This Court dismissed those claims without prejudice on June 27, 2013. Given the foregoing, the Court will dismiss Plaintiff's latest claims, with prejudice, and will not grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Defendant's Motion to Dismiss is GRANTED as to the following counts: abuse of process (count 1), conspiracy (count 2), constructive fraud (count 3), tortious interference (count 4), count 5, count 6, breach of fiduciary duty (count 7), count 8, conversion (count 9), count 10, defamation (count 11), fraud (count 12), intentional infliction of emotional distress (count 13), invasion of privacy (part of count 14), count 15, undue influence (count 16), spoliation of evidence (count 17), 42 U.S.C. § 14141 (count 18), and unjust enrichment (count 19). The above-mentioned claims are accordingly DISMISSED WITH PREJUDICE. The Defendant's Motion to Dismiss is DENIED as to Plaintiff's battery claim. However, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law battery claim. Plaintiff's battery claim is therefore DISMISSED WITHOUT PREJUDICE. Plaintiff is free to refile his battery claim in Texas state court. Plaintiff's Motion for Temporary Injunction is DENIED. Plaintiff's Motion for Permanent Injunction Based on Pleadings is DENIED.

IT IS SO ORDERED.

Signed this 12th day of September, 2014.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE